PATRICK BUELNA, ESQ., SBN 317043
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Wells Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE WOODRAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, a municipal corporation; NATHAN CRAIN, in his individual capacity as a deputy for Stanislaus County; and DOES 1-50, inclusive.<br><br>Defendants. | Case No.: 1:20-cv-00372-NONE-BAM<br><br>[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C § 1983)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Plaintiff Donnie Woodral was driving when Stanislaus deputies pulled him over. In fear of prior encounters with abusive deputies, Plaintiff ran into a field. Deputies released a canine unit to attack Plainitiff, who was unarmed. The dog attacked Plaintiff and continued to attack him even after deputies had arrived. Deputies permitted the dog to continue to bite Plaintiff until the dog bit off his thumb.

2. Despite having his thumb bit off, deputies refused to summon emergency medical attention. After waiting a significant amount of time, Plaintiff was finally seen and doctors

attempted to reattach his thumb. Unfortunately, Plaintiff's thumb, although reattached, can no longer be moved, bent or otherwise controlled. Furthermore, the police dog bit Plaintiff's stomach causing significant damages and scarring.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in Waterford, Stanislaus, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## PARTIES

4. Plaintiff DONNIE WOODRAL is a competent adult. Plaintiff is a resident of CALIFORNIA.

5. Defendant NATHAN CRAIN is a competent adult and was employed as a sheriff deputy for the COUNTY OF STANISLAUS at all times herein mentioned, and sued in his individual capacity.

6. Defendant COUNTY OF STANISLAUS (hereinafter "Defendant COUNTY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the STANISLAUS SHERIFF DEPARTMENT (hereinafter "COUNTY").

7. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether

severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

8. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the COUNTY OF STANISLAUS ("COUNTY"). In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

10. Plaintiff filed a timely government claim with COUNTY, which was rejected on September 12, 2019.

## STATEMENT OF FACTS

11. On or about February 2, 2019, at or about 3:00 pm, at or near Albers Rd. & Yosemite Rd., Waterford, California, Stanislaus deputies began to follow Plaintiff Donnie Woodral. Due to prior abusive encounters with deputies, Plaintiff parked his car and ran into an almond orchard. Deputy Nathan Crain without legal cause released a K-9 unit which chased after Plaintiff, who was unarmed and nonviolent.

12. The K-9 unit was not leashed or controlled whatsoever by Deputy Nathan Crain. The K-9 unit bit Woodral in the stomach, tearing open his stomach. Mr. Woodral immediately fell to the ground and Deputy Nathan Crain permitted the dog to continue biting Mr. Woodral even after he surrendered. The dog was permitted to bite and gnaw on Mr. Woodral's hand until the dog bit off his thumb. Mr. Woodral's thumb hung down from his hand connected only by strip of muscle tendons, but Deputy Nathan Crain refused to summon emergency medical care.

13. When Plaintiff finally received medical treatment the doctors were able only to reattach his thumb but his thumb no longer has any nerve-feeling, cannot be moved independently, or function as anything but a simple dead, attachment to his hand.

14. As a result of the Deputy Nathan Crain's use of excessive force, and the County's failure to have in place proper K-9 unit policies, Plaintiff suffered irreversible damage and loss of his thumb, significant scars to his stomach and severe emotional distress

## DAMAGES

15. As a proximate result of Doe Defendants' unreasonable and excessive use of force, Plaintiff suffered physical injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

16. The conduct of the Doe Defendants were malicious, wanton, and oppressive. Plaintiff are therefore entitled to an award of punitive damages against Does.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff against NATHAN CRAIN and DOES 1-25)*

17. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

18. Plaintiff was unarmed and simply fleeing from fear when Defendants' permitted the K-9 to attack and tear off his thumb. Defendant and Does' conduct was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

19. As a result of their misconduct, the Doe Defendants are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# SECOND CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
(*Plaintiff against County and DOES 1-50*)

20.    Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

21.    Plaintiff is informed and believes and thereon alleges that high ranking COUNTY OF STANISLAUS officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Yet-to-be-identified deputies pulled over a nonviolent and unarmed person, set a K-9 unit on him and allowed the K-9 unit to bite off his thumb without reason. None of these deputies were disciplined or re-trained. High-ranking official should have not about the pattern of excessive force conduct of the Defendant Deputies given this is just the latest use of excessive force incident in a string of recent and egregious excessive force incidents by Stanislaus County Sheriff Deputies. For example,

a) On November 10, 2017, Stanislaus Sheriff Deputies were caught on tape repeatedly punching a man in the back and the back of his head while he was being handcuffed.[1]

b) In February, 2017, Stanislaus Sheriff Deputy Wall was caught on camera shooting and killing a woman driving away from deputies during a stop which resulted in the Deputy being charged with voluntary manslaughter by the Stanislaus District Attorney.[2]

c) On May 30, 2018 another person died in the custody of Stanislaus County Sheriff Deputies after deputies allegedly used excessive and unreasonable force.[3]

d) On May 29, 2018 Stanislaus Deputies shot and killed a man retrieving his possession

---

[1] https://www.modbee.com/news/local/crime/article185122188.html

[2] https://www.modbee.com/news/local/crime/article214973430.html

[3] https://www.abc10.com/article/news/local/family-of-modesto-man-who-died-in-custody-says-deputies-used-unnecessary-and-excessive-force/103-560085363

from his house where he had been evicted.[4]

e) On March 4, 2018 Stanislaus deputies responded to a medical emergency for a teenager in his home who was reacting badly to LSD. Instead of facilitating medical attention, Defendants beat the unarmed teenager with batons, pepper sprayed him and shot him with bean bag guns and ordered for emergency medical personnel to leave so they could not evaluate him. The teenage boy was later hospitalized due to his injuries from the deputies. (J.M., et al v. Stanislaus, et al.; Case No.: 1:18-CV-01034-LJO-SAB)

f) In 2018, Stanislaus deputies held a father dropping off his son at football practice at gunpoint with assault rifles for allegedly rolling a stop sign, and then beat him on the ground in front of his young child. (Vasquez, et al v. County of Stanislaus; Case No.: 1:19-cv-01610-AWI-SAB).

g) In December 2018, Stanislaus deputies shot a sleeping mentally ill person in his bedroom several times. (Haro v. Stanisluas; Case No.: 1:20-cv-00095)

22. Despite having such notice, Plaintiff is informed and believe and thereon alleges that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Yet-to-be-identified deputies permitted their K-9 to literally tear off the thumb of Plaintiff after he had surrendered. Officials have not disciplined and/or retrained these officers despite clear constitutional violations of this K-9 abuse.

23. Plaintiff is further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

24. As against Defendant COUNTY OF STANISLAUS, Defendants and/or DOES 1-50 in his/their capacity as Sheriff officer(s) for the COUNTY OF STANISLAUS, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and

---

[4] https://www.modbee.com/news/local/crime/article212212429.html

representative of a repeated course of conduct by members of COUNTY OF STANISLAUS SHERIFF DEPARTMENT is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of Sheriff authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

25. The unconstitutional actions and/or omissions of Defendants and Does 1-25, as well as other officers employed by or acting on behalf of Defendant COUNTY OF STANISLAUS, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the STANISLAUS SHERIFF Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for COUNTY OF STANISLAUS:

    a. To cover-up violations of constitutional rights by any or all of the following:

        i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

        ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful Sheriff activity; and

        iii. by allowing, tolerating, and/or encouraging Sheriff officers to: fail to file complete and accurate Sheriff reports; file false Sheriff reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful Sheriff conduct, by withholding and/or concealing material information;

    b. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and Sheriff department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

    c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

   d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

26. Defendants COUNTY OF STANISLAUS and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other COUNTY OF STANISLAUS' Sheriff personnel, with deliberate indifference to Plaintiff' constitutional rights, which were thereby violated as described above.

27. The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other COUNTY OF STANISLAUS personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the STANISLAUS Sheriff Department. Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within COUNTY OF STANISLAUS, and that such policy makers have direct knowledge of the fact that the use of force on Plaintiff was not justified, but rather represented an unconstitutional use of unreasonable force. Notwithstanding this knowledge, the authorized policy makers within COUNTY OF STANISLAUS have approved Defendant Deputies' grossly excessive and bias use of force on Plaintiff. By so doing, the authorized policy makers within the COUNTY OF STANISLAUS and the STANISLAUS Sheriff Department have shown affirmative agreement with the actions of Defendant Deputy Does 1-25, and have ratified the unconstitutional acts of Defendant Deputy Does 1-25.

28. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline,

as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant COUNTY OF STANISLAUS and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

29. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

30. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants COUNTY OF STANISLAUS and Does 26-50 as described above, Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
(*Plaintiff against NATHAN CRAIN, County and DOES 1-50*)

31. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

32. Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

33. By their conduct described herein, Defendant Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code

§52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

    b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

34. Excessive force which violates the Fourth Amendment, also violates the Bane Act.[5] Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

35. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[6] All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

36. Alternatively, NATHAN CRAIN violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    b. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

    c. Defendant using force against Plaintiff in the absence of any threat or need for such force;

---

[5] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

[6] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

    d.  Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    e.  Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

    f.  Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

    g.  Violating multiple rights of Plaintiff;

37. Defendant STANISLAUS COUNTY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

38. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendant Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiff against NATHAN CRAIN, County and DOES 1-50)*

39. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

40. NATHAN CRAIN, while working as Sheriff deputies for the STANISLAUS SHERIFF DEPARTMENT, and acting within the course an scope of their duties, intentionally injured Plaintiff without a lawful basis.

41. As a result of the actions of the Defendants, Plaintiff suffered physical injuries. The Defendant Does did not have legal justification for using force against Plaintiff, and

Defendants' use of force while carrying out their Sheriff duties was an unreasonable use of force.

42. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
(*Plaintiff against NATHAN CRAIN, County and DOES 1-50*)

43. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

44. At all times, Defendant NATHAN CRAIN and Does 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

45. At all times, Defendant NATHAN CRAIN and Does 1-50 owed Plaintiff the duty to act with reasonable care.

46. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiff;

    b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

    c. to refrain from abusing their authority granted them by law;

    d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

47. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

48. Defendant STANISLAUS COUNTY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

49. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

50. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages against Defendant NATHAN CRAIN and DOES 1-50 in a sum according to proof;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Date: September 14, 2020

**POINTER & BUELNA, LLP**

**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFFS