UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE WOODRAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY, a municipal corporation; and DOES 1-50, inclusive,<br><br>Defendants. | No. 1:20-cv-00372-NONE-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>(Doc. No. 20) |

Plaintiff Donnie Woodral ("plaintiff") filed this suit against Stanislaus County ("defendant County") for alleged violations of 42 U.S.C. § 1983. Plaintiff alleges that he was unlawfully attacked by a Stanislaus County police dog during a traffic stop and that defendant is liable for damages under *Monell*. Defendant moves to strike plaintiff's first amended complaint, (Doc. No. 18) ("FAC"), in which plaintiff adds deputy Nathan Crain ("defendant Crain") as a named defendant, as untimely. For the reasons discussed below, defendant's motion to strike plaintiff's FAC is denied.

Plaintiff filed this suit on March 11, 2020. (Doc. No. 1.) On June 24, 2020, the court entered a scheduling order under which the fact discovery deadline was January 18, 2021. (Doc. No. 12.) The scheduling order also required that all motions to amend be filed before September 22, 2020. (*Id.*) On September 3, 2020, defendant stipulated to plaintiff's request to amend his

complaint, adding defendant Crain to the suit. (Doc. No. 22-1 at ¶ 4.) On September 14, 2020, plaintiffs timely filed a request with the court approve the stipulation for an FAC. (Doc. No. 14.) On October 5, 2020, plaintiff filed his proposed FAC on the docket. (Doc. No. 16.) The court granted the stipulation on October 6, 2020 and ordered plaintiff to formally file the FAC—which was already on the docket as a proposal—within five days. (Doc. No. 17.) Plaintiff did not formally docket his FAC until December 15, 2020, more than two months after the court's deadline. (Doc. No. 18.)

Defendant County then filed an objection to the FAC and asked that it be stricken as untimely. (Doc. No. 20.) Discovery continued largely as scheduled, with the parties agreeing to a short extension for plaintiff's response to defendants' written discovery requests from January 18 to February 13, 2021. (*See* Doc. No. 22-1 at ¶ 7–8.)

Defendant County asserts that plaintiff violated the scheduling order by filing the FAC after the five-day deadline to do so and, therefore, plaintiff must satisfy Rule 16(b)'s "good cause" standard for modifying the scheduling order to file the FAC. However, the court concludes that imposing the standards applicable to a failure to comply with a Rule 16 scheduling order would be inappropriate in this case. This is because a proposed FAC was on the docket as of October 5, 2020. Shortly thereafter, the court gave plaintiff permission to formally file the FAC. On a fairly regular basis, district courts order the Clerk of the Court to take care of this administrative act for a party who is granted leave to amend. In this case, the court did not do so, but defendants were nonetheless fully aware of the content of the FAC as of October 5, 2020. Under these circumstances, the court will not strike the formally-filed FAC even though it was filed after the court-imposed deadline.

For the reasons explained above, defendant's motion to strike plaintiff's FAC, (Doc. No. 12), is denied.

IT IS SO ORDERED.

Dated:   **September 10, 2021**

UNITED STATES DISTRICT JUDGE