UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA DAWSON, GARRETT WOODRAL, DUSTIN WOODRAL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, NATHAN CRAIN,<br><br>Defendants. | No. 1:20-cv-00372-BAM<br><br>**ORDER SETTING IN PERSON SETTLEMENT CONFERENCE AND SETTLEMENT INSTRUCTIONS**<br><br>Date: **May 10, 2023**<br>Time: **11:30 AM**<br>Courtroom: **Courtroom 9 (SAB)**<br>Judge: **Hon. Stanley A. Boone** |

This case is set for in person settlement conference on **May 10, 2023, at 11:30 AM in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone** at the U.S. District Court, 2500 Tulare Street, Fresno, California, 93721.  Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms** at the conference.

Plaintiff Amanda Dawson has requested to appear remotely due to pregnancy.  The Court finds good cause to grant the motion under certain parameters.  Because the Court is no longer conducting settlement conferences via videoconference as a normal practice, as it was during the COVID-19 public emergency, the Court will not arrange for a separate videoconference platform for this Plaintiff to appear.  In other words, Plaintiffs and counsel shall be responsible for

ensuring the remote appearance before the Court is essentially akin to them being present.  Plaintiffs shall be responsible for ensuring that the remote Plaintiff is able to attend via a videoconference platform for the entirety of the settlement conference, such as Zoom, Microsoft Teams, or other comparable platform.  Plaintiffs shall provide a laptop or tablet system[1] with a sufficient screen size and audio capabilities, as well as its own remote internet connection, for the participants to contribute by video at any point during the settlement conference.  The Court does not have public Wi-Fi available.  Remote Plaintiff may turn off their camera when not actively participating, however, Remote Plaintiff shall remain in attendance in a manner so they may participate on demand without delay.  Lastly, while it goes without saying, the Court is forced to remind all parties allowed to appear via a video platform that they must dress appropriately and have appropriate backgrounds as if they were testifying or appearing in court.  Failure to comply with this order will result in the video participant being ordered to attend at a future date.

*Confidential Settlement Conference Statement*:  At least seven (7) court days prior to the Settlement Conference, the parties shall submit a Confidential Settlement Conference Statement directly to Judge Boone's chambers by e-mail to SABOrders@caed.uscourts.gov.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon

---

[1] The Court finds tablets provide a user-friendly interface for such hybrid-remote conferences, however, the Court will allow Plaintiffs to utilize a laptop or other monitor, provided Plaintiffs provide a sufficient independent internet connection for the participants' video connection to remain stable during the entirety of the conference.  Plaintiffs may not rely on any internet connection provided by the Court.  The Court expects the screen size to be at least as big as a standard tablet; *i.e.*, a cell phone is not sufficient.  The parties may contact Judge Boone's Courtroom Deputy Clerk Victoria Gonzales at vgonzales@caed.uscourts.gov or (559) 499-5672, with any questions or to obtain assistance in complying with this order.

        which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    C.    A summary of the proceedings to date.

    D.    An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    E.    The relief sought.

    F.    The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

The Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise, the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

IT IS SO ORDERED.

Dated: **March 16, 2023**     /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE